*3 Robbins.* Wolters *v.* Shraft.

CELINA M. WOLTERS

*v.*

ROBERT SHRAFT AND WIFE.

[Decided April 28th, 1905.]

1. N. S. I. conveyed to F. R. W. The grantee was designated "trustee for R. M. W.," and the *habendum* clause was "to have and to hold the above-described land and premises, with the appurtenances, unto the said party of the second part (F. R. W.), his heirs and assigns, to the only proper use, benefit and behoof of M. R. W. aforesaid, her heirs and assigns forever." The consideration proceeded from F. R. W., who stood *in loco parentis* to R. M. W.—*Held,* that if the statute of uses executed the legal estate in R. M. W., it did not, because the consideration proceeded from F. R. W., make her a trustee for him.

2. A trust will not be raised in opposition to the declaration of the person who advances the money, or the obvious purpose and design of the transaction.

*Mr. James R. Nugent* and *Mr. Samuel F. Bigelow,* for the complainant.

*Mr. Elwood C. Harris,* for the defendants.

STEVENS, V. C.

On September 22d, 1882, the Newark Savings Institution conveyed to Frederick R. Wolters a house and lot fronting on Parkhurst street, Newark. The grantee, wherever named, is designated in the deed, "Trustee for Rosa Mary Wolters." The *habendum* clause is as follows:

"To have and to hold the above-described land and premises, with the appurtenances, unto the said party of the second part (Frederick R. Wolters), his heirs and assigns, to the only proper use, benefit and behoof of Mary Rosa Wolters aforesaid, her heirs and assigns forever."

Mary Rosa was born in 1868. She had lost both father and mother before she attained the age of nine years. She was committed to the care of an orphanage in Brooklyn, and when ten years old was given by the mother superior of that institution to Frederick R. Wolters and his wife, who were childless. The evidence demonstrates that Mr. and Mrs. Wolters treated her in all respects as their child, giving her their own name. She lived with them up to the time of her marriage to Robert Shraft in April, 1895, a period of sixteen years. There can be no doubt but that they stood to her *in loco parentis. Brinkerhoff and Wife* v. *Merselis' Executors, 24 N. J. Law (4 Zab.) 680, 683; Powys* v. *Mansfield, 3 Myl. & C. 367; Roberts' Appeal, 85 Pa. St. 84.* Frederick R. Wolters died in 1900. He gave all his property, then consisting of an estate of about $100,000, to his widow. He made Robert Shraft one of his executors, and calls him "my son-in-law."

The bill is filed by the widow, who prays that it may be decreed that she has, as against Mary Rosa, a perfect title to the premises deeded by the savings institution.

The complainant produces no evidence showing mistake or misapprehension at the time of the making of the deed. She bases her right on the following train of reasoning: She says that under the operation of the statute of uses, the legal title

was, at the time the deed was made, transferred *instanter* from Wolters, the trustee, to Mary Rosa, the *cestui que use;* and that thereupon, because the consideration proceeded from Frederick Wolters, she became his trustee under the doctrine of resulting trusts. This argument will not bear a moment's consideration, even if we assume, as I think without warrant from the authorities, that although Wolters stood *in loco parentis,* the principle of advancement, applied to a wife or child, (*2 Pom. Eq. Jur.* § *1039; Dyer* v. *Dyer, 1 Lead. Cas. Eq.* \**177; Sayre* v. *Hughes, L. R. 5 Eq. 380; Read* v. *Huff, 40 N. J. Eq.* (*13 Stew.*) *234; Hallenback* v. *Rogers, 57 N. J. Eq.* (*12 Dick.*) *221; 58 N. J. Eq.* (*13 Dick.*) *580*) would not have applied to him, had the conveyance of the legal title been directly and in terms to Rosa.

The statute of frauds requires declarations of trust to be manifested and proved by some writing signed by the party, the exception being of those cases in which the trust arises or results by implication of law. It is obvious that while a trust may result in the *absence* of express declaration, it cannot, under the operation of this rule, prevail *against* such a declaration. "It will not be raised," says the author of the American note to *Dyer* v. *Dyer* (*1 Lead. Cas. Eq. 278, 3d Am. ed.*), "in opposition to the declaration of the person who advances the money, nor in opposition to the agreement of the parties on which the conveyance is founded, or the obvious purpose and design of the transaction." This would seem to be so obvious as not to require a citation of authority for its support.

In the case at bar the conveyance of the legal title is made, not to Rosa, but to Wolters. The use or trust is expressly declared to be for her benefit. Because under the statute of uses it may have been executed in Rosa, even at law, *Melick* v. *Pidcock, 44 N. J. Eq.* (*17 Stew.*) *538,* is this court, without anything in the deed to warrant it, to raise up another trust, the exact opposite of that declared? Should it say that, although the deed declared Wolters to be the trustee and Rosa the beneficiary, Rosa was, in fact, the trustee and Wolters the beneficiary? Such a conclusion would be unsupported by authority and contrary to legal principle.

I think the bill should be dismissed.